**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

ROBERT KOEHLER

  Plaintiff,

vs.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

  Defendant.

---

## COMPLAINT

---

  COMES NOW the Plaintiff, Robert Koehler, by and through his undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits his Complaint against the above-named Defendant.

### PARTIES

1.  Plaintiff, Robert Koehler, is a natural person and citizen of the State of Colorado, with a current address of 500 West 123rd Avenue, #3216, Westminster, Colorado 80234.

2.  Defendant The Lincoln National Life Insurance Company ("Defendant Lincoln") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado.  Defendant is a foreign corporation and is incorporated in Maine.  Upon information and belief, this Defendant is the Administrator and/or insurer of the employee benefit plan at issue (specifically the Plan providing disability benefits).  The Defendant's registered agent for service of process is the Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

## JURISDICTION AND VENUE

3.      At all pertinent times, Defendant administered and/or insured the employee benefit plans established on behalf of the employees of The J.M. Smucker Company ("Smucker").  The Plan, which provides *inter alia* short-term disability ("STD") and long-term disability benefits ("LTD") is, upon information and belief, subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA").  Upon information and belief, the plan has delegated to Unum its obligation to make all benefit decisions at issue in this claim.

4.      At all pertinent times Plaintiff was a full-time employee of Smucker and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5.      Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including but not limited to coverage for LTD subject to the terms and conditions of the insurance policy issued by Lincoln to cover the Plan, and/or the other Plan documents.

## JURISDICTION AND VENUE

6.      This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including his rights under ERISA and the subject ERISA plan/

7.      Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein the Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

8.      At all pertinent times, Plaintiff was employed by Smucker as a technician, and was an active, full-time employee. He therefore satisfied all eligibility requirements for, and was a "participant" in the Plan (and/or "beneficiary" of the Plan) within the meaning of ERISA.

9.      Beginning on or about August 26, 2022, Plaintiff began to experience multiple health issues, including but not limited to the effects of post-traumatic stress disorder and related issues.

10.     These medical conditions prohibited Plaintiff at all relevant times from continuing to perform the requirements of his job on a regular, full-time and consistent basis, as well as from any other job for which he is reasonably qualified, due to his symptoms.

11.     As the aforementioned conditions prevented him from working on a full-time and regular basis, and from performing some of the other material requirements of his own and/or other comparable occupation, Plaintiff applied to the Plan, through Lincoln, for STD benefits.

12.     Defendant initially denied Plaintiff's STD claim, but reversed on appeal and subsequently approved and paid the claim.

13.     Plaintiff thereafter applied for LTD benefits.

14.     Defendant denied Plaintiff's claim for LTD on or about April 12, 2023.

15.     Thereafter, Plaintiff timely submitted the various appeals required by the Plan document and requested a review of his claim. Plaintiff provided additional medical documentation and other information in support of his claim, including reports from his medical providers. Plaintiff filed his appeal on or before the Plan's deadline.

3

16.     Defendant issued a final denial of Plaintiff's appeal for LTD benefits by letter on November 16, 2023.

17.     Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents him from engaging in his own or any other occupation.  This includes, without limitation, his inability to work forty (40) hours per week on a regular and consistent basis.

18.     Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff as outlined herein.

19.     Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

**FIRST CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**
**PLAINTIFF V. DEFENDANT**

20.     At all pertinent times, Plaintiff was covered by the Plan, which included coverage for STD and LTD benefits, as set forth above.

21.     At all pertinent times, Defendant was an administrator, and/or claim administrator for the Plan, within the meaning of ERISA.

22.     Defendant otherwise delegated the authority to administer claims for premium waiver benefits by the Plan.

23.     At all pertinent times, Plaintiff met the criteria for both STD and LTD under the Plan because he was unable to perform the functions of his own and/or any other reasonable

occupation on a regular, consistent and full-time basis and provided reasonable documentation (medical or otherwise) of that fact.

24. Upon information and belief, Defendant Lincoln also insures the Plan.

25. Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

26. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

27. Defendant's wrongful conduct includes, but is not limited to:

    A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians, and other similar evidence;

    B. Failing to provide an adequate review and appeal, including refusing to give Plaintiff a reasonable opportunity to submit relevant information;

    C. Failing to act in Plaintiff's best interests;

    D. Failing to consider credible evidence of functional impairment;

    E. Failing to reasonably interpret and apply the terms of the Plan;

    F. Failing to consider its own finding in a related claim that Plaintiff is disabled for the purposes of LTD; and/or

    G. Failing to conduct a reasonable investigation.

28. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost benefits, attorney's fees and costs.

## DAMAGES

5

29.     The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of LTD benefits.  Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

A.     A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

B.     An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or return Plaintiff to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of LTD insurance premiums otherwise covered by the policy;

C.     Retroactive reinstatement of Plaintiff's benefits and payment of all back due LTD benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claims for future LTD in a timely manner.

D.     Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E.  Interest on any awards at the highest rate allowed by law as provided in

ERISA §502(G)(1), 29 U.S.C. 1132(g)(1); and

F.  Such other and further relief as this Court deems just and appropriate.

Dated this 4th day of December, 2023.

Respectfully submitted,

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger, Esq.*

Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
(303) 292-0044
Facsimile (303) 292-1466
counsel@silvernbulger.com

**Plaintiff's address**

500 West 123rd Avenue, #3216
Westminster, Colorado 80234